UNITED STATES *v.* POLK'S MODEL CRAFT HOBBIES, INC., LANSEN-NAEVE CORP., ET AL. (No. 5006) [1]

United States Court of Customs and Patent Appeals, July 20, 1960

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section, (*Mollie Strum*, trial attorney of counsel) for the United States.

*Lamb & Lerch* (*David A. Golden*, of counsel) *amicus curiae*

*Barnes, Richardson & Colburn, Brooks & Brooks, Edward N. Glad, J. Joseph McDermott* (*Joseph Schwartz* of counsel) for appellee.

[Oral argument April 5, 1960, by Mr. FitzGibbon and Mr. Schwartz]

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

WORLEY, Chief Judge, delivered the opinion of the court:

Here the Government alleges reversible error by the Customs Court in holding that certain merchandise is not "toys" within the statutory definition of that word contained in paragraph 1513 of the Tariff Act of 1930.

The issue, together with a description of the merchandise and a resume of prior decisions are found in the following excerpt from the opinion below:

[1] C.A.D. 746.
[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to the provisions of Title 28, United States Code, Section 294(d).

The basic issue now before us i.e., whether or not miniature railroad equipment made to run on HO scale track are toys, has been the subject of previous litigation. *International Models, Inc., and Victory Shipping Co., Inc.* v. *United States*, 31 Cust. Ct. 24, C.D. 1541, and *United States* v. *E. B. Miller Associates, Inc., J. M. Rodgers Co.*, 43 C.C.P.A. (Customs) 14, C.A.D. 603. *The International Models, Inc., et al.* case, *supra*, involved only one item, a miniature locomotive identified as an "O-4-O switcher," imported in an unfinished, unpainted condition. In that case, this court sustained plaintiffs' contention and held that the locomotive was not a toy and that it was properly classifiable as an article having as an essential feature an electrical element or device. No appeal was taken from that decision. The *E. B. Miller Associates, Inc., et al.* case, in which the record in the *International Models, Inc., et al.* case was incorporated, involved miniature railroad locomotives and parts therefor, and miniature railroad coaches, all of which were painted in appropriate colors with a name, symbol, or printed matter, identifying the articles as models of certain railroad equipment used on English railroads. In upholding the collector's classification of the merchandise as toys, our appellate court, in the *E. B. Miller Associates, Inc., et al.* case, concluded as follows:

> We have carefully examined the entire record, including the record in the incorporated case, and do not think the evidence is sufficient to overcome the presumption of correctness which attaches to the collector's classification.

The two cited cases are decisive of the questions there presented based on the record in each case. They are not controlling of the issue presented in the voluminous record now before us. The present case has a more complete record which embodies testimony relating to different phases of the use of this HO equipment that were not before us in the *E. B. Miller Associates, Inc., et al.* case. The more comprehensive record herein supports conclusions different from those reached in the *Miller* case.

\*     \*     \*     \*     \*     \*     \*

All of the locomotives, the different kinds of miniature railroad cars, and the track included in the train sets under consideration, consist of HO equipment. The term "HO," has reference to a scale of gauge, or a scale of manufacture, "3½ millimeters, representing one foot." \* \* \* Trains of HO gauge run at scale speed. Sixty feet a minute is the maximum speed at which such trains should be run to simulate the operation of a modern railroad. It is agreed between the parties that all of the HO equipment in question has been manufactured according to rigid standards set up by the National Model Railroad Association, which is "an organization of adult model railroad hobbyists formed in 1935 to make and promulgate standards for wheels, flanges, rails, switches, and other working parts of model railroads, with the purpose of achieving interchangeability of equipment from different manufacturers." \* \* \*

The locomotives and other miniature cars or trains in question are completely assembled, or ready-to-run, HO equipment, as distinguished from so-called kits. \* \* \*

Whether the merchandise at bar is a toy depends on whether it comes within the definition laid down by Congress in paragraph 1513 of the Tariff Act of 1930:

\* \* \* As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

The issue turns on whether the evidence establishes that the articles are "chiefly used for the amusement of children," as classified by the collector and urged by the Government, or whether they are not so used, as argued by the importers and found by the Customs Court. See *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company*, 47 CCPA 1, C.A.D. 719.

Of the forty witnesses called, twenty-seven appeared for the importers and thirteen for the Government. In addition, thirty-seven exhibits, including samples of the importation, as well as certain printed matter relating to the description and advertising of articles similar to that at bar, were introduced in evidence.

As might well be expected from such a large number of witnesses, ranging from miniature railroad "hobbyists" to employees of a domestic firm in competition with articles similar to those at bar, a good deal of conflicting testimony results. There is no lack of "opinion" evidence or hearsay testimony.[3] From our own examination and evaluation of nearly five hundred pages of testimony, together with inspection of the exhibits, we are unable to agree with the Government that the Customs Court erred in holding that the instant merchandise is not "toys" within the statutory definition of that word. *W.N. Proctor Company* v. *United States*, 40 CCPA 33, 37, C.A.D. 494; *Carey & Skinner, Inc.* v. *United States*, 42 CCPA 86, 90, C.A.D. 576; *United States* v. *F.W. Myers & Co., Inc.*, 45 CCPA 48, 52, C.A.D. 671; and cases cited therein.

Full consideration has been given the decisions relied on by the Government and amici curiae but we are unable to agree that those decisions or the record here support their position. The judgment is *affirmed*.

[3] That the Customs Court made a thorough study and proper evaluation of the evidence is clearly reflected in the opinion below.

